AO 241
(Rev. 01/15)

*Fee Due*

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: |
|---|---|

| Name (under which you were convicted):  Terron Gerhard Dizzley | | Docket or Case No.: |
|---|---|---|

| Place of Confinement :  4848 Goldmine Highway, Kershaw, SC 29067 | Prisoner No.:  359480 |
|---|---|

| Petitioner (include the name under which you were convicted)  Terron Gerhard Dizzley | v. | Respondent (authorized person having custody of petitioner)  Warden Tonya James |
|---|---|---|

| The Attorney General of the State of:  South Carolina | |
|---|---|

2:25- CV- 00977 -FLA-PVC

FILED
CLERK, U.S. DISTRICT COURT

FEB - 3 2025

CENTRAL DISTRICT &F CALIFORNIA
BY _____ DEPUTY

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

Georgetown South Carolina Court of General Sessions

(b) Criminal docket or case number (if you know):    2009-GS-22-00778

2.   (a) Date of the judgment of conviction (if you know):    April 3, 2014

(b) Date of sentencing:    April 3, 2014

3.   Length of sentence:    35 years

4.   In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:    murder and possession of a deadly

weapon during the commission of a violent crime

6.   (a) What was your plea? (Check one)

    ☒ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty            ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?    N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

     XX Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes   ☒ No

8.    Did you appeal from the judgment of conviction?

    ☐ Yes   ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:   N/A

(b) Docket or case number (if you know):   N/A

(c) Result:   N/A

(d) Date of result (if you know):   N/A

(e) Citation to the case (if you know):   N/A

(f) Grounds raised:   N/A

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Name of court:   N/A

    (2) Docket or case number (if you know):   N/A

    (3) Result:   N/A

    (4) Date of result (if you know):   N/A

AO 241
(Rev. 01/15)

Page 4

(5) Citation to the case (if you know):     N/A          N

(6) Grounds raised:     N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):     N/A

(2) Result:     N/A

(3) Date of result (if you know):     N/A

(4) Citation to the case (if you know):     N/A

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
concerning this judgment of conviction in any state court?     ☒ Yes     ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Court of Common Pleas

(2) Docket or case number (if you know):     2015-CP-22-0845

(3) Date of filing (if you know):     2016

(4) Nature of the proceeding:     Post-Conviction Relief

(5) Grounds raised:     Mr. Dizzley was intentionally impeded from raising any issues at his PCR

due to "Fraud Upon the Court", due to fraudulent representation. Mr. Dizzley was deprived of

his PCR.  See attached pages.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes     ☐ No

(7) Result:     Denied.

(8) Date of result (if you know):     December 2, 2019

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:    N  A

(2) Docket or case number (if you know):    N/A

(3) Date of filing (if you know):    N/A

(4) Nature of the proceeding:    N/A

(5) Grounds raised:    N/A

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes    ☐ No

(7) Result:    N/A

(8) Date of result (if you know):    N/A

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:    N/A

(2) Docket or case number (if you know):    N/A

(3) Date of filing (if you know):    N/A

(4) Nature of the proceeding:    N/A

(5) Grounds raised:    N/A

AO 241
(Rev. 01/15)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____N/A_____

(8) Date of result (if you know): _____N/A_____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

N/A _____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

   **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    False Imprisonment, Double Jeopardy, Lack of Trial Jurisdiction to Impose Sentence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Dizzley was charged for the crime of murder in 2012 in Georgetown, SC and "acquitted" pursuant to "judgment of

acquittal" by the trial judge discharging Mr. Dizzley's jury on the grounds that "That's actually a strong message to the

prosecution that they are unable to meet the "burden of proof" to the extent that they can bring back a unanamous

verdit". Mr. Dizzley was unlawfully tried again for the same offense in 2014, unlawfully convicted, and sentenced in

violation of The Fiffth Admendment Double Jeopardy  Clause of the United States Constitution. See attached:

Memorandum of Law in support of Habeas Corpus for Immediate Release, False Imprisonment, Double Jeopardy

(b) If you did not exhaust your state remedies on Ground One, explain why:    Mr. Dizzley was intentionally deprived by the

courts of his Direct Appeal, PCR, and Discovery, most importantly, his first trial transcript, which proves that he was

acquitted of the charges of which he is being held fasley imprisioned.

AO 241
(Rev. 01/15)

(c) **Direct Appeal of Ground One:**                                        N/AN/A

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    Mr. Dizzley was deprived of his Direct Appeal

and did not have his first trial transcript at the time of his Direct Appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    N/A

Name and location of the court where the motion or petition was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:    N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Mr. Dizzley was deprived of his PCR, Discovery, and  most importantly, his first trial transcript. which proves that

he is being held fasley imprisioned.

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One:     See attached pages.

---

**GROUND TWO:**        False Imprisionment, Double Jeopardy, "Manifest Necessity"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Judge's Sua Sponte declaration of a mistrial in Petitioner's first trial of 2012, was not dictated by a

manifest necessity or ends of public justice, and, therefore, Petitioner's second trial of 2014 for the same offense

violated Petitioner's Fifth Amendments Rights of The United States Constitution.  See attaached Memorandum of Law

in Support of Habeas Corpus for Immediate Release, False Imprisonment, Double Jeopardy.

(b) If you did not exhaust your state remedies on Ground Two, explain why:    Deprived of Direct Appeal and PCR

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐   Yes          ☐   No

(2) If you did **not** raise this issue in your direct appeal, explain why:    Deprived of Direct Appeal.

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         ☐  Yes       ☒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:      N/A

Docket or case number (if you know):    N/A

Date of the court's decision:      N/A

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):    N/A

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?               ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Deprived of PCR, Discovery, most importantly, first trial transcript

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :   See attached pages.

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

AO 241
(Rev. 01/15)

Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:    N/A    Type text here

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    N/A

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:    N/A

Name and location of the court where the appeal was filed:    N/A

Docket or case number (if you know):    N/A

Date of the court's decision:    N/A

Result (attach a copy of the court's opinion or order, if available):    N/A

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    See attached pages.

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    NA

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:     N/A

Docket or case number (if you know):     N/A

Date of the court's decision:     N/A

Result (attach a copy of the court's opinion or order, if available):     N/A

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed:     N/A

Docket or case number (if you know):     N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

Type text here

Page 13

13.    Please answer these additional questions about the petition you are filing:  N/A

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:    N/A

_____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

_____

_____

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the
      judgment you are challenging:

      (a) At preliminary hearing:   Joe Nathan Chaplin

      (b) At arraignment and plea:   N/A

      (c) At trial:      Charles David Barr, 319 Main Street, Kingstree, SC  29556

      (d) At sentencing:   Charles David Barr

      (e) On appeal:    Mr. Dizzley was deprived of appeal.

      (f) In any post-conviction proceeding:    Deprived of appeal due to fraudulent representation.  See
      attached pages and Petition for Evidentiary Hearing

      (g) On appeal from any ruling against you in a post-conviction proceeding:   Deprived of Appeal due to
      "Fruad Upon the Court".  See attached pages and Petition for Evidentiary Hearing.

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are
      challenging?        ☐  Yes    ☑  No

      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

      (b) Give the date the other sentence was imposed:

      (c) Give the length of the other sentence:

      (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
      future?            ☐  Yes    ☐  No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
      why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

      See attached pages.

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
    custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
        of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of
        the Constitution or laws of the United States is removed, if the applicant was prevented from
        filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
        if the right has been newly recognized by the Supreme Court and made retroactively applicable to
        cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been
        discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

Page 16

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Mr. Dizzley prays for his immediate release from being held fasely imprisoned ten years and counting in the

South Carolina Department of Corrections.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *January 28, 2025* (month, date, year).

Executed (signed) on *January 28, 2025* (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

**ATTACHED PAGES TO HABEAS CORPUS APPLICATION**

Pages 13-14

Timeliness of Petitioner: If your judgment of conviction become final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. Section 2244 (d) does not bar your petition.

The following attached pages also answers the questions under Grounds 1-3, 7(e) Other

Remedies: Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state on Grounds 1-3.

**REASONS WHY PETITION FOR HABEAS CORPUS IS TIMELY**

**I.**

**RIGHT TO WRIT OF HABEAS CORPUS**

Petitioner contends that the record proves that in his habeas corpus application and

Memorandum Of Law In Support Of Habeas Corpus, Immediate Release, False

Imprisonment, Double Jeopardy, he raises issues supported by facts, evidence, and clearly

established federal law as determined by the U.S. Supreme Court which proves that he is

being held unlawfully restrained of his personal liberty without any legal nor jurisdictional

authority for going on ten years and counting. Petitioner contends that the sole purpose

that the Framers created the great writ of habeas corpus, was to afford a "swift and

imperative remedy for the illegal restraint of one's personal liberty, and, under such

circumstances, habeas corpus becomes a "writ of right" and nothing, including time

barred, or any alleged procedural reasons can defeat manifest federal policy under habeas

corpus when a defendant challenges the legality of his detention or incarceration. See: *Fay

v. Noia*, 372 U.S. 391 (1963), "Conventional notions of finality in criminal litigation cannot

1

be permitted to defeat manifest federal policy that federal constitutional rights of personal liberty are not to be denied without fullest opportunity for plenary federal judicial review. Federal court jurisdiction in habeas corpus proceeding on behalf of person in custody pursuant to state court judgment is conferred by allegation of an unconstitutional restraint and is not defeated by anything that might occur in state court proceeding, and state procedural rules must yield to such overriding federal policy. Habeas corpus lies to enforce right of personal liberty, and the federal court, in proceeding on application for writ of habeas corpus in behalf of person in custody pursuant to state court judgment, has power to release person who is confined in denial of his right of personal liberty." See also: *Boumedien v. Bush*, 553 U.S. 723 (2008), " See Black's Law Dictionary 728 (8ᵗʰ ed. 2004) (defining habeas corpus as "[a] writ employed to bring a person before a court, most frequently to ensure that the party's imprisonment or detention is not illegal."). The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty, and they understood the writ of habeas corpus as a vital instrument to secure that freedom. See Resolution of the New York Ratifying Convention (July 26, 1788), in 1 I'd at 328 (noting the convention's understanding "that every person restrained of his liberty is entitled to an inquiry into the lawfulness of such restraint, and to a removal thereof if unlawful; and that such inquiry or removal ought not to be denied or delayed, except when, on account of public danger, the Congress shall suspend the privilege of the writ of habeas corpus"). In our own system the Suspension Clause is designed to protect against these cyclical abuses. The Clause protects the rights of the detained by means consistent with the essential design of the Constitution. It ensures that, except during periods of formal

suspension, the Judiciary will have a time-tested device, the writ, to maintain the "delicate

balance of governance" that is itself the surest safeguard of liberty. See Hamdi, 542 U.S., at

536, 124 S. Ct. 2633 (plurality opinion). The Clause protects the rights of the detained by

affirming the duty and authority of the Judiciary to call the jailer to account. See *Preiser v.*

*Rodriguez,* 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a

person in custody upon the legality of that custody"); cf. *In re Jackson*, 15 Mich. 417, 439-

440 (1867) (Cooley, J., concurring) ("The important fact to be observed in regard to the

mode of procedure upon this [habeas] writ is, that it is directed to, and served upon, not

the person confined, but his jailer"). The separation-of-powers doctrine, and the history

that influenced it's design, therefore must inform the reach and purpose of the Suspension

Clause."

For the foregoing reasons, supported by clearly established federal law as determined

by the U.S. Supreme Court, jurist of reason would find debatable that Petitioner cannot be

denied habeas relief pursuant to an illegal incarceration because of "alleged" procedural

reasons.

## II.

### DOUBLE JEOPARDY APPROPRIATE FOR HABEAS CORPUS

It has been established by the Supreme Court of the United States for "one hundred

and fifty (150) years" that a sentence imposed on a person which violates the Fifth

Amendment Double Jeopardy Clause is "void for want of power" to hold the party a

prisoner and he must be discharged, and under such circumstances habeas corpus

becomes a "writ of right which may not be denied," nor delayed or defendant would suffer "irreparable injury."

*Exparte Lange*, 85 U.S. 163 (1863), "Where probable ground is shown that the party is in custody under or by color of authority of the United States, and is imprisoned without just cause, and, therefore, has a right to be delivered, **the writ of habeas corpus then becomes a writ of right which "may not be denied,"** as it ought to be granted to every man who is unlawfully committed or detained in prison or otherwise restrained of his liberty. A second judgment of the same verdict is, under such circumstances, **"void for want of power and affords no authority to hold the party a prisoner, and he must be discharged."**

See: *Livingston v. Murdaugh*, 183 F. 3d 300 (4th Cir. 1999), "state-court defendant, whose prior conviction for felony driving under the influence had been reversed on appeal, 488 S. E. 313, sought federal habeas corpus relief, contending that his retrial on reckless homicide charge violated double jeopardy. The district court found that Livingston had exhausted his state remedies. See 28 U.S.C.A s 2254 (1)(A). We are mindful of the deference that is owed to the state court's adjudication of Livingston's claim. Given the circumstances in this case, however, we have no choice but to respect the constitutional protection a defendant enjoys against being "twice put in jeopardy" for the same offense. It reasoned that appeal of denial of a double jeopardy claim would be futile because the South Carolina Supreme Court has held that "an order denying a double jeopardy claim is not immediately appealable." See: *Mannes v. Gillespie*, 967 F.2d 1310 (1992), "District court was not required to abstain from hearing habeas corpus petition by defendant who

4

was facing refiled murder charges after state trial court, following dismissal of deadlock

jury, sua sponte dismissed murder charges on grounds of insufficient evidence; defendant

faced possibility of irreparable injury if forced to stand trial on murder charges that might

be barred by double jeopardy."

*Gilliam v. Foster*, 63 F.3d 287 (1995), "Colorable Double Jeopardy Clause claim is

preeminent example of the few "unusual circumstances" justifying federal court

intervention in state proceeding" See *Mannes v. Gillespie*, 967 F. 2d 1310, 1312 (9th Cir.

1992), cert. denied, 506 U.S. 1048, 113 S. Ct. 964, L .Ed 2d 121 (1993); *Salter v. Lesley*, 977

F.2d 1259, 1261 (8th Cir. 1992); *Showery v. Samaniego*, 814 F.2d 209, 201 n. 5 (5th Cir. 1987);

*Doe v. Donovan*, 747 F.2d 42, 44 (1st Cir. 1984) (or curiam); see also *Willhauck v. Flanagan*,

448 U.S. 1323, 1325, 191 S. Ct. 10, 11, 65 L. Ed 2d 1147 (Brennan, Circuit Justice 1989).

Indeed, the justification for federal interference in state criminal proceedings is at least as

compelling when the retrial itself irretrievably deprives the defendant of his constitutional

double jeopardy rights as when the prosecution is undertaken in bad faith to harass the

defendant. Consequently, although federal court interference with ongoing state criminal

proceedings should be undertaken in only the most limited, narrow, and circumscribed of

situations, when the record clearly demonstrates a colorable showing that the trial will

constitute a violation of the defendant's double jeopardy rights, federal court intervention

is appropriate."

Petitioner contends that according to the above laws, the moment that the Honorable

Judge Baxley discharged his jury on the grounds that the prosecution failed to meet their

"burden of proof" to convict him and ordered a new trial instead of entering a verdict of

acquittal as required by clearly established federal law as determined by the Supreme

Court of the U.S., see *Burks v. U.S.*, 437 U.S. 1 (1978), Petitioner had a right to seek federal

habeas relief to protect his double jeopardy rights from being tried again for the same

offense, which should have been done by his trial counsel, which is exactly what Petitioner

did after finally obtaining his first trial transcript and after addressing the issues to the

lower court first. See *Livingston, supra*, 183 F.3d 300 (4th Cir. 1999).

Therefore, jurist of reason could find debatable that this  district court would be

incorrect in ruling that Petitioner was time barred from filing this habeas corpus pursuant to

his double jeopardy issues for any "alleged" procedural reasons, including "time

limitations." Therefore, a denial of this petition under such circumstances of an unlawful

restraint of Petitioner's personal liberty would be reversed by the appellate court in granting

a certificate of appealability.

### III.

### TIME LIMITATIONS ON ACTUAL INNOCENCE/ MISCARRIAGE OF JUSTICE

Petitioner contends that the record proves that in his first trial of 2012, *State v. Terron

Dizzley*, Case No. 2009-GS-22-007780, the Honorable Judge Michael Baxley stopped

Petitioner's jury from deliberating and discharged them on the grounds that: **"That's

actually a strong message to the prosecution that they are unable to meet the burden

of proof to the extent that they can bring back a unanimous verdict."**

According to the United States Supreme Court cases, *Burks v. United States*, 437 U.S.

1 (1978), and *U.S. v. Scott*, 437 U.S 82 (1978), establishes that when a judge discharges a

jury on the grounds that the prosecution failed to meet their **"burden of proof"** or that there

was **"insufficient evidence"** to convict, such as the aboved ruling by Judge Baxley in my

case, such rulings are acquittals for double jeopardy purposes, which establishes a

person's **"innocence"** and **"lack of criminal culpability"** to have committed the offense

charged. Therefore, according to clearly established federal law as determined by the U.S.

Supreme Court, there is no time limitations for filing a habeas corpus pursuant to **"actual**

**innocence,"** nor can a petition for habeas corpus be subject to procedural default for

**"actual innocence."** See *McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Schlup v. Delo*, 513

U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006); *Bousley v. U.S.*, 523 U.S. 614 (1998).

Therefore, jurist of reason could find debatable that this  district court would be

incorrect in ruling that Petitioner was time barred from filing this habeas corpus pursuant to

his double jeopardy issues, which establishes "actual innocence" for any "alleged"

procedural reasons, including "time limitations." Therefore, a denial of this petition under

such circumstances of an unlawful restraint of Petitioner's personal liberty would be

reversed by the appellate court in granting a certificate of appealability.

**VI.**

## TIME LIMITATIONS, EQUATABLE TOLLING, FRAUD UPON THE COURT

The U.S. Supreme Court established in *Holland v. Florida*, 560 U.S. 631 (2010), "One-

year statute of limitations on petitions for federal habeas relief by state prisoner is subject

to equitable tolling in appropriate cases. One-year statute of limitations for federal habeas

relief by state prisoner is not jurisdictional and does not set inflexible rule requiring

dismissal whenever the one-year clock has run. State prisoner is entitled to equitable

tolling of one-year statute of limitations on petitions for habeas relief only if he shows: (1)

7

that he has been pursuing his rights diligently, and (2) that some extraordinary
circumstance stood in his way and prevented timely filing of petition. Diligence required for
equitable tolling of one-year statute of limitations on petition for federal habeas relief by
state prisoner is reasonable diligence, not maximum feasible diligence. Flexibility inherent
in equitable tolling enables courts to meet new situations that demand equitable
intervention, and to accord all relief necessary to correct particular injustices."

**See: _Terron Dizzley v. Warden Stephon_, C/A No. 8:20-cv-00126-SAL.**

Petitioner contends that the record proves that on January 7, 2020, he filed a timely
habeas corpus petition, which was dismissed "without prejudice," for procedural reasons,
without ruling on the merits of his case, incorrectly alleging that Petitioner had failed to
exhaust state remedies. One of the issues Petitioner raised was: "The South Carolina's
State Court's decision to conspire with Attorneys Leah B. Moody and Eleanor D. Cleary to
commit fraud by obtaining illegal representation of Petitioner's PCR, and forcing their illegal
representation on him and making rulings on Petitioner's PCR pursuant to the
representation of illegal counsel as the law of his case, and attempting to force Petitioner
to appeal the judgment of his PCR pursuant to the work of illegal representation, was
contrary to clearly established federal law as determined by the U.S. Supreme Court, and
deprived Petitioner of his Sixth and Fourteenth Amendment Right to "Counsel of Choice,"
which left Petitioner without counsel during his PCR, and impeded Petitioner from raising
any issues pursuant to his PCR. Therefore, The PCR Court and The South Carolina Supreme
Court lacked jurisdiction of Petitioner's PCR. Therefore, according to clearly established

8

United States Supreme Court law, Petitioner is entitled to raise his issues in a federal
habeas corpus without being subjected to any procedural defaults."

Petitioner contends that the record proves that he objected to the magistrate's report
and recommendations on the grounds that on countless occasions he dilligently
attempted to exhaust his state remedies, but the lower courts deliberately impeded him
from doing so, and under such circumstances, according to clearly established United
States Supreme Court law, he was entitled to seek habeas corpus relief. See: *Murray v.
Carrier*, 477 U.S. 478 (1986). To no avail.

## UNITED STATES COURT OF APPEALS, FOURTH CIRCUIT

Petitioner filed a writ of mandamus to The United States Court of Appeals for the
Fourth Circuit, in aide of its respective jurisdiction before the final order of the District
Court was issued, pursuant to Immediate Release for Double Jeopardy, False
Imprisonment, Lack of Trial Court's Jurisdiction to Impose Sentence. See: No. 21-1278.
When The District Court issued its final order, Petitioner filed an appeal to The United
States Court of Appeals for the Fourth Circuit. See No. 21-6329. Petitioner's writ of
mandamus was denied on September 8, 2021, and the appeal was denied on September
20, 2021, without a ruling on the merits, and both petitions for rehearing was also denied
without a ruling on the merits, which violated Petitioner's right to due process.

## UNITED STATES DISTRICT COURT OF NEW YORK

### See Terron Dizzley v. Warden Kenneth Nelson, 22-cv-4383.

On July 20, 2022, Petitioner filed a habeas corpus in the District Court of New York
raising these same issues. See *Terron Dizzley v. Warden Kenneth Nelson*, 22-cv-4383.

According to clearly established federal law, as determined by the Supreme Court of the

United States, any Federal District Court in any state has jurisdiction under the habeas

corpus statute to hear and adjudicate Petitioner's habeas corpus to be released from

being falsely imprisoned. See: *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.

484 (1973), "The Petitioner's presence within the territorial jurisdiction of the district court

is not, "an invariable prerequisite" to the exercise of the district court jurisdiction under the

federal habeas statute. Rather, because "The Writ of Habeas Corpus does not act upon the

prisoner who seeks relief, but upon the person who holds him in what is alleged to be

unlawful custody," a district court acts "within its respective jurisdiction" within the

meaning of sec. 2241 as long as "the custodian can be reached by service of process."

Despite this, Petitioner's habeas corpus was dismissed for procedural reasons

claiming lack of jurisdiction because Petitioner was incarcerated in South Carolina without

reaching the merits of Petitioner's underlying constitutional claims, which was contrary to

clearly established U.S. Supreme Court law. Petitioner filed a timely Motion to Alter,

Amend, Reconsideration, which was denied without a ruling on the merits.

## UNITED STATES COURT OF APPEALS, SECOND CIRCUIT

Petitioner filed a writ of mandamus in the Second Circuit in aid of appellate court's

jurisdiction before any final rulings were made in the District Court. See: *In re Terron*

*Dizzley*, 22-2048. Petitioner also filed a timely appeal demonstrating any jurist of reason

would find debatable that his constitutional rights were violated, and any jurists of reason

would find debatable that according to *Braden, supra*, 410 U.S. 484 (1973), the District

Court's dismissal of his habeas corpus for procedural reasons for lack of jurisdiction,

10

without reaching Petitioner's underlying constitutional claims was incorrect. See: _Slack v. McDaniel_, 529 U.S. 473 (2000); _Miller-El Cockrell_, 537 U.S. 332 (2003). To no avail.

## DOUBLE JEOPARDY, NOVEMBER 17, 2022 HEARING

Petitioner contends that on October 28, 2021he filed a Emergency Motion For

Immediate Release, Double Jeopardy, False Imprisonment, Lack of Trial Court's

Jurisdiction to Impose Sentence in the General Sessions Court of Georgetown South

Carolina. The record shows that after the Georgetown County Court of General Sessions

denied the petition without ruling on the merits nor an evidentiary hearing,

Petitioner appealed the circuit court's order to  the South Carolina Court of Appeals and

the appellate court reversed and remanded Petitioner's case back to the circuit court for a

hearing and ruling pursuant to "findings of facts and conclusions of law." The record proves

that on November 17, 2022, Petitioner had a  hearing, pursuant to his Emergency Motion

For Immediate Release, Double Jeopardy, False Imprisonment, Lack of Trial Court's

Jurisdiction to Impose Sentence, in the Georgetown County Court of General Sessions, and

during the hearing the Honorable Judge Culbertson admitted that the Honorable Judge

Baxley's ruling in his first trial of 2012 was an acquittal. However, Judge Culbertson, after

admitting this, then stated an error of law by saying that it was only an acquittal if

Petitioner's trial had been a bench trial, and that because Petitioner had a jury trial, it was

not an acquittal. (See: Memorandum Of Law In Support Of Habeas Corpus. GROUND 2.).

(The appeal from Judge Culbertson's ruling is still pending in the South Carolina Court of

Appeals, and the Court refuses to adjudicate his appeal, resulting in a continuing illegal

incarceration.).

11

## UNITED STATES DISTRICT COURT OF SOUTH CAROLINA

### Terron Dizzley v. Warden William Langdon, C/A No. 8:23-cv-4221-JD-JDA,

Petitioner contends that the record proves that on October 5, 2023 he filed another habeas corpus in the United States District Court of South Carolina, and the magistrate issued a Report and Recommendation dismissing his habeas corpus as time barred. Petitioner contends that the magistrate supported the Report and Recommendations by incorrectly and misleadingly indicating that: "Petitioner filed the habeas corpus action at earliest, in August 21, 2023," as if this was the first petition for habeas corpus filed by him raising these issues and that Petitioner's, 2023 habeas corpus was time barred, falsely alleging that Petitioner filed an appeal pursuant to his PCR which was dismissed on April 27, 2021, and remittitur was entered on the PCR on May 19, 2021.

Petitioner contends that the record proves that he filed objections to the magistrate's Report and Recommendation on the grounds that, the facts supporting the order was incorrect and an erroneous assessment of the procedural history of his case and was contrary to clearly established federal law as determined by the Supreme Court of the United States. The correct facts, which were "specifically" addressed in Petitioner's objections, are as follows : (1) The October 5, 2023 habeas corpus was filed as an appeal to the November 17, 2022 ruling by the Honorable Judge Culbertson of the Circuit Court of Georgetown County South Carolina denying his Emergency Motion For Immediate Release, Double Jeopardy, False Imprisonment, Lack of Trial Court's Jurisdiction to Impose Sentence. Therefore, the Petitioner's habeas corpus appealing the Honorable Judge Culbertson's ruling pursuant to his double jeopardy issues was not time barred. (2)

Petitioner contends that the record proves that the magistrate, in its Report and Recommendation intentionally failed to mention any of Petitioner's previous habeas corpus filed, which proves that he was diligently pursuing habeas corpus relief. The District Court misleadingly made it seem as if his 2023 habeas corpus was the first habeas corpus that he filed. Moreover, it is impossible for him to have filed an appeal pursuant to his PCR at the time that this court alleges that he filed it, when the record proves that he was appealing this same issue in the District Court of South Carolina and in the U.S. Court of Appeals, For The Fourth Circuit pursuant to his habeas corpus filed January 7, 2020.

Therefore, such an alleged appeal in the lower court pursuant to his PCR was not filed by Petitioner and is a result of "fraud upon the court." Petitioner contends that according to clearly established U.S. Supreme Court law, under such circumstances, whatever order was issued by the South Carolina Supreme Court as a remittitur to his PCR was "null and void." Therefore, the United States District Court of South Carolina deliberately used a false order from the lower court as for when the time began to run to file his habeas corpus and imposed a procedural default for being time barred pursuant to adjudicating his habeas corpus.

Petitioner contends that he filed a Motion To Alter, Amend, Correct, and Reconsider and Objections pursuant to Fed. Civ. P., Rule 59(e). Petitioner also filed a Certificate of Appealability, to no avail.

Therefore, jurist of reason could find debatable that the district court's procedural reasons for dismissing Petitioner's January 7, 2020, habeas corpus for procedural reasons of "alleged" failure to exhaust state remedies was incorrect, and district court's dismissal of his October 5, 2023 habeas corpus for procedural reasons as "time barred" was also incorrect.

13

## UNITED STATES COURT OF APPEALS, FOR THE FOURTH CIRCUIT

### See: Terron Dizzley v. Warden William Langdon, No. 23-7312

Petitioner contends that the record proves that he filed a Collateral Order For

Immediate Release Pursuant To Double Jeopardy, False Imprisonment on three different

occasions, which was filed separate from his timely filed notice of appeal and Informal

Brief to the U.S. Court of Appeals, For The Fourth Circuit. The U.S. Court of Appeals, For The

Fourth Circuit issued an order dismissing Petitioner's appeal without ruling on the merits.

Petitioner filed a Petition For Rehearing and Rehearing En Banc and although Petitioner

provided the appellate court with proof of his illegal incarceration, once again, the U.S.

Court of Appeals, For The Fourth Circuit turned a "blind eye" to Petitioner's illegal

incarceration and denied his Petition For Rehearing and Rehearing En Banc without ruling

on the merits.

Therefore, the record shows that Petitioner had diligently attempted to exhaust his

state remedies made available to him (which were not made available to him) pursuant to

the double jeopardy issues in the lower courts and his ineffective assistance of counsel

issues, and has diligently pursued his right to habeas corpus relief from ten years and

counting of being held kidnapped/illegally incarcerated, and despite this, the United States

District Courts and the U.S. Court of Appeals has consistently deprived Petitioner of his

right to habeas corpus relief without reaching Petitioner's underlying constitutional claims,

resulting in a continuing illegal incarceration which violates Petitioner's constitutional

rights.

14

Therefore, for the foregoing reasons, according to clearly established U.S. Supreme

Court law, jurist of reason could find debatable that Petitioner's time for filing a habeas

corpus is subject to equitable tolling due to the extreme amount of evidence of Petitioner's

due diligence in pursuing his rights, and how the district courts consistently deprived him

of habeas relief for reasons contrary to the law. See: *Holland v. Florida, supra*, 560 U.S. 631

(2010).

## 2024 EMERGENCY PERMANENT RESTRAINING ORDER AND INJUNCTIONS FOR
## IMMEDIATE RELEASE

### JUDGE DANIEL COBLE

On January 26, 2024, Petitioner filed an "Emergency Permanent Restraining Order And

Injunction for Immediate Release," and a civil action for false imprisonment against the

South Carolina Department of Corrections. The record proves that Judge Daniel Coble

issued an order prepared by defendants attorney which had nothing to do with the merits of

Petitioner's case, and indicated that even if it is true that Petitioner is being held illegally

incarcerated, that he couldn't obtain relief pursuant to S.C. Code 20-4-50, which was a

statute that Petitioner cited for the purpose of procedural due process in his request for an

emergency hearing within 24 hours of filing the emergency injunction for his immediate

release, not for the purpose of obtaining relief. Judge Coble disregarded Petitioner's entire

injunction and intentionally turned a "blind eye" to his illegal incarceration and based his

entire order on intentionally misrepresenting the truth as to Petitioner's reasons for citing a

particular statute as grounds for condoning an illegal incarceration.

## **JUDGE BENTLEY PRICE**

On February 9, 2024, Petitioner filed an "Emergency Permanent Injunction for

Immediate Release, Double Jeopardy, False Imprisonment, Lack of Trial Court's

Jurisdiction To Impose Sentence," and a civil action against the Georgetown County

Solicitor's office for malicious prosecution and false imprisonment, and against the

Georgetown County Sheriff's Department for false arrest and false imprisonment. On April

18, 2024, Petitioner had a hearing in Georgetown County pursuant to his injunction for his

immediate release. The record proves that the judge that was initially supposed to preside

over the hearing was Judge McFadden. At the hearing, the judge, who never announced

who he was, extremely, intentionally deprived Petitioner of the opportunity to be heard, and

to fully and fairly present his case, and denied his motion for immediate release and civil

actions without ruling on the merits of Petitioner's case and told the defendants attorneys

to prepare a proposed order of dismissal and he would sign off on it. When Petitioner got

back to the institution, he called his mother who informed him that the bailiff told them

that the judge who presided over the hearing was not Judge McFadden, that Judge

McFadden had got "caught up in traffic," and that he did not know who the judge was. After

investigating the matter, Petitioner found out that the judge that replaced Judge McFadden

at the last-minute name was Judge Bentley Price, and that he was disqualified as a judge.

On May 15, 2024, Petitioner received an order from Judge Price, which was the same

proposed order of dismissal prepared by defendants' attorneys. In the order, Judge Price

indicated that he agrees with his Solicitor Defendants who argued that it was not necessary

for Judge Price to discuss the "merits" of Petitioner's Permanent Injunction nor apply the

16

legal standards pursuant to his illegal incarceration and that "even if" Petitioner's

arguments are true, he cannot obtain injunctive relief pursuant to SCACR, Rule 407, 3.8,

which is a rule establishing that when a Solicitor's Office receives information of a wrongful

conviction, or that a person is innocent that was prosecuted by them, they must take

appropriate measures to remedy the wrongful conviction. Although the record proves that

Petitioner demanded immediate release from ten years and counting of being held illegally

incarcerated pursuant to SCRCP, Rule 65, which is the appropriate rule for requesting

injunctive relief; Petitioner also requested relief on the grounds that his illegal incarceration

violated his Fourteenth, Thirteenth, and Eighth Amendment rights. Judge Price did the

same thing that Judge Daniel Coble did, he took one court rule that Petitioner cited and

based his entire order on this rule by intentionally misrepresenting the truth in his order

that Petitioner requested relief solely pursuant to SCACR, Rule 3.8.

Judge Coble and Judge Price's contentions in their orders that they have the authority

to authorize the kidnapping/false imprisonment of Petitioner and refuse to adjudicate his

case on the merits "even if true" that Petitioner is being held illegally incarcerated because

he "allegedly" cited the wrong court rule or statute (which was not the case), is contrary to

clearly established federal law, and U.S. Supreme Court law. See: _Conley v. Ryan_, 92 F.

Supp. 3d 502 (4th Cir. 2015), citing _Topchian v. J.P. Morgan Chase Bank, NA_, 760 F. 3d 843

(2014), "The well pleaded-facts alleged in the complaint, not the legal theories of recovery

or legal conclusions identified therein, must be viewed to determine whether the pleading

party has stated a claim. **The failure in complaint to cite a statute or cite the correct

one, in no way affects the merits of the claim. Factual allegations alone are what**

17

matters. Accordingly, a complaint should not be dismissed merely because a
plaintiff's allegations do not support the particular legal theory he advances, for the
court is under the duty to examine the complaint to determine if the allegations
provide for relief on any possible theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544
(2007).

The U.S. Supreme Court determined in *Fay v. Noia*, 372 U.S. 391 (1963), **"When a man
is brought by habeas corpus to the Court, and upon retorn of it, it appears to the Court,
that he was against law imprisoned and detained, he shall never be by the act of the
Court remanded to his unlawful imprisonment, for then the Court should do an act of
injustice in imprisoning de novo, against law."**

Petitioner contends that when he appeared before Judges Benjamin Culbertson,
Daniel Coble and Bentley Price with evidence supported by the record and clearly
established U.S. and South Carolina Supreme Court precedents which proves that he is
being held illegally incarcerated for ten years and counting without any legal nor
jurisdictional authority; for Judges Benjamin,  Daniel Coble and Judge Bentley Price to turn
a "blind eye" to his illegal incarceration and remand him to an unlawful imprisonment was
an act of "injustice," conspiracy to kidnapping/false imprisonment, terrorism, "unlawful
subjection to slavery," and federal hate crimes.

18

**Notice**

**United States Courthouse, 350 W 1st Street, Suite 4311, Los Angeles California
900124565**

Dear Honorable Clerk:

Enclosed,  please find one original and one copy of an application for petition for
habeas corpus, supported with attached pages, Memorandum Of Law In Support Of
Habeas Corpus For Immediate Release, False Imprisonment, Double Jeopardy and Petition
For Evidentiary Hearing In Support Of Habeas Corpus, stamp file please send copy to me.

Date: 01/28/2025

With kind regards,

S, _Terron H Dizzley_

Terron G. Dizzley, #359480

4848 Goldmine HWY

Kershaw S.C., 29067